Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301)444-4600
Facsimile: (301)444-4600
Email:  mac@mbvesq.com
*Counsel for Ms. Sherman*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALEXANDRA SHERMAN | * |
| Plaintiff, | * |
| v. | * Case No. 2:23-cv-1411 |
| NCSPLUS INCORPORATED | * |
| Defendant. | * |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Comes now Alexandra Sherman ("Ms. Sherman" or the "Plaintiff"), by and through undersigned counsel, and as and for her complaint (the "Complaint") against NCSPlus Incorporated ("NCS" or the "Defendant") states as follows:

**Introduction**

1. This case concerns the Defendant's violation of Section 1692, *et seq.* of Title 15 of the United States Code (the "Fair Debt Collection Practices Act" or the "FDCPA").

2. The Defendant herein acts as a traditional debt collector.

3. Despite being on notice that Ms. Sherman is represented by counsel, the Defendant has persisted in contacting Ms. Sherman directly, in an attempt to collect a disputed debt.

4. Suit is accordingly now brought to remedy this violation of the FDCPA.



COMPLAINT AND DEMAND FOR TRIAL BY JURY - 1

**Parties**

5. Ms. Sherman is a natural person who is a citizen of the State of Nevada by virtue of her ongoing residency therein.

6. The Defendant is a Delaware corporation doing business in the State of Nevada.

**Jurisdiction & Venue**

7. This Honorable Court enjoys jurisdiction over the matter *sub judice* pursuant to the allowances of Section 1331 of Title 28 of the United States Code, as the sole cause of action enumerated herein arises under the laws of the United States.

8. This Honorable Court further enjoys jurisdiction over the matter *sub judice* pursuant to the allowances of Section 1292k(d) of Title 15 of the United States Code, as this is an action to enforce liability under the FDCPA.

9. Venue is properly laid in the Honorable Court pursuant to Section 1391(b) of Title 28 of the United States Code, as a substantial part of the events giving rise to the claims stated herein occurred through the Defendant's efforts to collect a putative debt in Clark County, Nevada.

**General Allegations**

10. In February 2021, Ms. Sherman leased an apartment – for her personal, residual use – from McKenna Property Management ("McKenna"), with McKenna, notwithstanding its titular designation as being a property manager, being listed as the "Owner" on the subject lease.

11. Thereafter, Ms. Sherman and McKenna negotiated an early termination of the lease, which Ms. Sherman relied upon in paying various termination-centric monies and vacating the property.

COMPLAINT AND DEMAND FOR TRIAL BY JURY - 2

12. Following Ms. Sherman's departure from the property, a dispute arose as to whether or not the lease had actually been terminated and whether or not Ms. Sherman is entitled to a refund of part or all of her security deposit.

13. In an effort to adjudicate the dispute, Ms. Sherman brought suit, in the Eighth Judicial District Court, against McKenna, on June 20, 2022 (the "State Court Suit").

14. McKenna was served with a copy of the complaint and a summons, in the State Court Suit, on June 24, 2022.

15. McKenna filed an answer and counterclaim, in the State Court Suit, on July 22, 2022.

16. Ms. Sherman's complaint in the State Court Suit makes clear that she is represented by legal counsel.

17. The answer and counterclaim, filed in the State Court Suit, acknowledges Ms. Sherman is represented by legal counsel in the certificate of service appended thereto.

18. A prior debt collection firm employed by McKenna, upon receipt of a notice of dispute from legal counsel, wrote to Ms. Sherman, on April 14, 2022, indicating that it was cancelling collection efforts and returning its file to McKenna.

19. Upon information and belief, McKenna thereafter engaged the services of NCS.

20. NCS, acting as an agent of McKenna, would have been aware that (i) counsel corresponded with a prior debt collector, on behalf of Ms. Sherman; and (ii) counsel filed a lawsuit against McKenna, on behalf of Ms. Sherman.

21. Despite Ms. Sherman being represented by counsel in connection with McKenna's efforts to collect a heavily-disputed debt, NCS wrote directly to Ms. Sherman, on September 12, 2022, in an effort to collect the putative debt for McKenna (the "Collection Letter").

COMPLAINT AND DEMAND FOR TRIAL BY JURY - 3

22. The Collection Letter clearly states that NCS is acting "as agents for your creditor."

23. The Collection Letter indicates that NCS is a "collection agency."

24. The Collection Letter acknowledges the missive to be "an attempt to collect a debt."

25. The Collection Letter was sent to Ms. Sherman, and not to her counsel.

**Count I – Violation of the Fair Debt Collection Practices Act**

26. Ms. Sherman incorporates and realleges each and every foregoing paragraph of this Complaint as though fully set forth herein.

27. The Defendant was, at all times relevant, a debt collector within the meaning set forth in Section 1692a(6) of Title 15 of the United States Code and was, further, at all times relevant, acting as a debt collector.

28. Ms. Sherman is a consumer within the meaning set forth in Section 1692a(3) as she is a natural person allegedly obligated to pay a debt.

29. The monies the Defendant has endeavored to collect from Ms. Sherman are a debt within the meaning set forth in Section 1692a(5) of Title 15 of the United States Code, as the alleged debt to McKenna is comprised of a putative rental obligation for a personal apartment.

30. The Defendant was, at all times relevant, aware Ms. Sherman is represented by an attorney in connection with her alleged debt to McKenna, as Ms. Sherman's counsel (i) corresponded with a prior debt collector engaged by McKenna; (ii) filed suit against McKenna; and (iii) caused the State Court Suit to be served on McKenna.



COMPLAINT AND DEMAND FOR TRIAL BY JURY - 4

1    31.    Notwithstanding the Defendant knowing Ms. Sherman to be represented by an attorney, the Defendant communicated directly with Ms. Sherman in contravention of Section 1692c(a)(2) of Title 15 of the United States Code.

32.    Neither Ms. Sherman nor her legal counsel gave the Defendant prior consent for the Defendant to communicate directly with Ms. Sherman, nor is it believed the permission of any court of competent jurisdiction was obtained by the Defendant.

WHEREFORE, Ms. Sherman respectfully prays this Honorable Court (i) enter judgment in favor of Ms. Sherman, and against the Defendant, in the sum of One Thousand Dollars and No Cents ($1,000.00), pursuant to the allowances of Section 1692k(a)(2)(A) of Title 15 of the United States Code; (ii) award Ms. Sherman the costs of this action, and her reasonable attorneys' fees incurred in connection with this action, pursuant to the allowances of Section 1692k(a)(3) of Title 15 of the United States Code; and (iii) afford such other and further relief as may be just and proper.

**Jury Demand**

Pursuant to, and in accordance with, the allowances of Federal Rule of Civil Procedure 38, Ms. Sherman prays a trial by jury on all matters so triable.

Respectfully submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 15346
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: 301-444-4600
Facsimile: 301-444-4600
Electronic Mail: mac@mbvesq.com
*Counsel for Ms. Sherman*

COMPLAINT AND DEMAND FOR TRIAL BY JURY - 5

