Chad C. Butterfield, Esq.
Nevada Bar No. 10532
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
(702) 727-1400; FAX (702) 727-1401
chad.butterfield@wilsonelser.com
*Attorneys for Defendant*
*NCSPlus Incorporated*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDRA SHERMAN, | Case No.:  2:23-cv-01411-RFB-VCF |
| Plaintiff, | |
| v. | **NCSPLUS INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| NCSPLUS INCORPORATED, | |
| Defendant. | |

Defendant NCSPNCSPLUS INCORPORATED (hereinafter "NCSPlus") hereby answers the Complaint of Plaintiff ALEXANDRA SHERMAN ("Plaintiff"), as follows:

### Introduction

1.      Answering Paragraph 1 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by NCSPlus. To the extent the allegations in this paragraph could be construed as calling for a response, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

2.      Answering Paragraph 2 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by NCSPlus.  To the extent the allegations in this paragraph could be construed as calling for a response, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

1

3.      Answering Paragraph 3 of the Complaint, NCSPlus admits that it has contacted Plaintiff in an attempt to collect a debt. NCSPlus denies the remaining allegations set forth in this paragraph.

4.      Answering Paragraph 4 of the Complaint, NCSPlus admits that Plaintiff has filed suit. NCSPlus denies the remaining allegations set forth in this paragraph.

**Parties**

5.      Answering Paragraph 5 of the Complaint, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

6.      Answering Paragraph 6 of the Complaint, NCSPlus admits the allegations set forth therein.

**Jurisdiction & Venue**

7.      Answering Paragraph 7 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by NCSPlus. To the extent the allegations in this paragraph could be construed as calling for a response, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

8.      Answering Paragraph 8 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by NCSPlus. To the extent the allegations in this paragraph could be construed as calling for a response, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

9.      Answering Paragraph 9 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by NCSPlus. To the extent the allegations in this paragraph could be construed as calling for a response, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

297089256V.1

**General Allegations**

10.     Answering Paragraph 10 of the Complaint, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

11.     Answering Paragraph 11 of the Complaint, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

12.     Answering Paragraph 12 of the Complaint, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

13.     Answering Paragraph 13 of the Complaint, NCSPlus admits, upon information and belief, that Plaintiff filed a lawsuit against McKenna in the Eighth Judicial District Court. NCSPlus is without knowledge or information sufficient to enable it to admit or deny the remaining allegations in said paragraph, and on that basis denies each and every remaining allegation set forth therein.

14.     Answering Paragraph 14 of the Complaint, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

15.     Answering Paragraph 15 of the Complaint, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

16.     Answering Paragraph 16 of the Complaint, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

17.     Answering Paragraph 17 of the Complaint, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

297089256V.1

18.     Answering Paragraph 18 of the Complaint, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

19.     Answering Paragraph 19 of the Complaint, NCSPlus denies each and every allegation set forth therein.

20.     Answering Paragraph 20 of the Complaint, NCSPlus denies each and every allegation set forth therein.

21.     Answering Paragraph 21 of the Complaint, NCSPlus admits that it sent a letter to Plaintiff on or about September 12, 2022, which speaks for itself. NCSPlus denies the remaining allegations set forth in this paragraph.

22.     Answering Paragraph 22 of the Complaint, NCSPlus admits that it sent a letter to Plaintiff on or about September 12, 2022, which speaks for itself. NCSPlus denies the remaining allegations set forth in this paragraph.

23.     Answering Paragraph 23 of the Complaint, NCSPlus admits that it sent a letter to Plaintiff on or about September 12, 2022, which speaks for itself. NCSPlus denies the remaining allegations set forth in this paragraph.

24.     Answering Paragraph 24 of the Complaint, NCSPlus admits that it sent a letter to Plaintiff on or about September 12, 2022, which speaks for itself. NCSPlus denies the remaining allegations set forth in this paragraph.

25.     Answering Paragraph 25 of the Complaint, NCSPlus admits that it sent a letter to Plaintiff on or about September 12, 2022, which speaks for itself. NCSPlus further admits that it did not send the September 12, 2022 letter to plaintiff's counsel, but affirmatively denies that NCSPlus was legally obligated to send the September 12, 2022 letter to plaintiff's counsel.

**Count I – Violation of the Fair Debt Collection Practices Act**

26.     Answering Paragraph 26 of the Complaint, NCSPlus repeats, realleges and incorporates its answers to Paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27.     Answering Paragraph 27 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by NCSPlus.  To the

4

extent the allegations in this paragraph could be construed as calling for a response, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

28.     Answering Paragraph 28 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by NCSPlus.  To the extent the allegations in this paragraph could be construed as calling for a response, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

29.     Answering Paragraph 29 of the Complaint, the allegations set forth in this paragraph consist of legal conclusions which do not require any admissions or denials by NCSPlus.  To the extent the allegations in this paragraph could be construed as calling for a response, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

30.     Answering Paragraph 30 of the Complaint, NCSPlus denies that it "was, at all times relevant aware Ms. Sherman is represented by an attorney in connection with her alleged debt to McKenna", and further denies that NCSPlus was attempting to collect a debt Plaintiff owed to McKenna. NCSPlus is without knowledge or information sufficient to enable it to admit or deny the remaining allegations in said paragraph, and on that basis denies each and every remaining allegation set forth therein.

31.     Answering Paragraph 31 of the Complaint, NCSPlus admits that it communicated directly with Plaintiff, but denies "knowing Ms. Sherman to be represented by an attorney" and denies that NCSPlus's communication with Ms. Sherman was "in contravention of Section 1692c(a)(2) of Title 15 of the United States Code." NCSPlus denies any remaining allegations set forth in this paragraph.

32.     Answering Paragraph 32 of the Complaint, NCSPlus is without knowledge or information sufficient to enable it to admit or deny the allegations in said paragraph, and on that basis denies each and every allegation set forth therein.

33.     Answering the unnumbered paragraph following Paragraph 32 of the Complaint, NCSPlus denies that Plaintiff is entitled to the relief requested therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state facts sufficient to state a claim for relief against NCSPlus.

**SECOND AFFIRMATIVE DEFENSE**

To the extent that any violation of law occurred, which NCSPlus expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by NCSPlus of procedures reasonably adapted to avoid any such error. Specifically, NCSPlus did not contract with McKenna and was not aware of the litigation between Plaintiff and McKenna when it sent the September 12, 2022 letter to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the applicable statutes of limitations, including, but not limited to, 15 U.S.C. § 1692k(d).

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to pursue her complaint against NCSPlus.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the equitable doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state the bases of the underlying claims made against NCSPlus with sufficient particularity so as to enable NCSPlus to determine all of its defenses thereto. NCSPlus presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Therefore, NCSPlus reserves its right to assert all applicable defenses to the Complaint in the event further analysis, discovery, or otherwise indicates that they would be appropriate.

WHEREFORE, NCSPlus prays for judgment as follows:

1.     For judgment in favor of NCSPlus and against Plaintiff on the Complaint;

2.     That Plaintiff take nothing by way of her Complaint on file herein;

297089256V.1

1            3.      For costs of suit incurred herein, including any attorneys' fees allowable by

2    law or contract; and

3            4.      For such other and further relief as the court may deem just and proper.

4    DATED this 20th day of May, 2024.

5          **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

6

7    BY: _/s/ Chad C. Butterfield_
        Chad C. Butterfield, Esq.

8            Nevada Bar No. 10532
        6689 Las Vegas Blvd. South, Suite 200

9            Las Vegas, Nevada  89119
        _Attorneys for Defendant_

10           _NCSPlus Incorporated_

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

297089256V.1

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP and that on this 20th day of May, 2024, I did cause a true copy of **NCSPLUS INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT** to be electronically transmitted to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Maurice VerStandig, Esq.
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV  89012
Phone: (301) 444-4600
Fax:     (301) 444-4600
mac@mbvesq.com

*Attorneys for Plaintiff*

BY */s/ Jillian Forrest*_____
An Employee of
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

8

297089256V.1